FILED

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

2003 JUL -3 PM 12: 23

CLERK, U.S. DISTRICT COURT
OCALA, FLORIDA

| | |
|---|---|
| HEWITT POWER & COMMUNICATIONS, INC., A Florida Corporation <br><br> Plaintiff, <br><br> vs. <br><br> THE FISHEL COMPANY, A Foreign Corporation <br><br> Defendant. | Civil Action No. 5:03 CV 163-OC-10 GRJ |

## PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION
## TO STAY PROCEEDINGS PENDING MEDIATION AND ARBITRATION
### (Oral Argument Requested)

Pursuant to Local Rule 3.01, Plaintiff Hewitt Power & Communications, Inc. (hereinafter referred to as "HEWITT"), submits its Brief in Opposition to Defendant's Motion to Stay Proceedings Pending Mediation and Arbitration.

### Factual Background

From early 1998 HEWITT performed work of the same type which is at the core of the dispute in this case under agreement with the Defendant. At no time until October of 2002 did HEWITT ever sign any written agreement of any kind. On or about October 22, 2002, HEWITT signed an agreement under duress which on its face expired November 21, 2002. Further, this written agreement was never signed and returned to HEWITT. All work performed by HEWIIT while the written agreement was in effect was paid for by Defendant. Subsequent to February 12, 2003, Defendant ceased paying HEWITT for all work performed under the oral agreement which was in effect before October 22, 2002 and after November 21, 2002. As a result, the instant lawsuit ensued.

1

## Procedural Background

HEWITT filed the instant lawsuit on or about May 21, 2003 for damages resulting from the non-payment for work performed in 2003. On or about June 16, 2003 Defendant served an Answer, served a CounterClaim which joined an additional Defendant, and served a Motion to Stay Proceedings Pending Mediation and Arbitration. No Brief or Memorandum of Law accompanied the Motion to Stay Proceedings Pending Mediation and Arbitration served upon HEWITT as required by Local Rule 3.01. HEWITT never agreed to arbitrate or mediate any disputes at issue in this cause.

## ARGUMENT

### Defendant's Motion has been Abandoned

At the outset, the Defendant's Motion to Stay Proceedings Pending Mediation and Arbitration should be deemed abandoned and stricken or denied for failure to comply with Local Rule 3.01. The failure of the Defendant to serve a Brief or Memorandum of Law as required by Local Rule 3.01 deprives HEWITT of the benefit of Defendant's legal basis for the Motion and should be construed as either an abandonment or an acknowledgement that the Motion is not well taken.

### No Agreement to Arbitrate Exists as to the Present Controversy

For this Court to compel arbitration or presuit mediation, the Court must find that an enforceable agreement to arbitrate and engage in presuit mediation with respect to the present dispute exists. See Seaboard Coast Line Railroad Company vs. Trailer Train

Company, 690 F.2d 1343 (11th Cir. 1982). A party can not be compelled to arbitrate any dispute that he has not agreed to submit to arbitration AT&T Technologies v. Communication Workers of Am., 475 U.S. 643, 648-49, 106 S. Ct. 1415, 1418-19, 89 L.Ed. 2d 648 (1986); Goldberg v. Bear, Stearns & Co., 912 F.2d 1418, 1419 (11th Cir. 1990).

It is the Defendant's burden to establish such an agreement. Defendant has failed to present any evidence to establish any enforceable agreement beyond Counsel's bare bones legal argument. There is not even any evidence that before it was sued in this action Defendant executed the written agreement that it relies upon. Accordingly, the Defendant's Motion to Stay Proceedings Pending Mediation and Arbitration must be denied.

It is clear from the Pleadings that no action is alleged with respect to the October 22, 2002 written agreement, even if the Defendant executed it before being served with a lawsuit. All of the Claims brought by HEWITT are for work done in 2003, well after any written agreement expired. More importantly, HEWITT never agreed to arbitrate or mediate any of these disputes. See **Affidavit of Harry W. Hawes attached hereto.** Accordingly, there can be no enforceable agreement to mediate or arbitrate because no such agreement ever existed with respect to the present controversy.

### Defendant Waived Any Right To Compel Arbitration or Presuit Mediation

It is well established that by taking action inconsistent with a right to arbitrate, the right is waived. See, Pesut v. Prudential, 722 So.2d 833 (Fla. 2nd DCA 1998); Morrell vs. Frier, 834 So.2d 395 (Fla. 5th DCA 2003); Seaboard Coast Line Railroad Company vs.

Trailer Train Company *supra*. In the instant case the Defendant answered HEWITT's Complaint and served a CounterClaim that brought in an additional party, Howard H. Hewitt. Mr. Hewitt is an individual who is clearly not a party to the any of the claims brought by HEWITT. Just as clearly, Mr. Hewitt is not a party to the agreements alleged by HEWITT in its Complaint or alleged by the Defendant in its CounterClaim or its Motion to Stay Proceedings Pending Mediation and Arbitration. Further, the CounterClaim demands relief both equitable and legal **and does not seek to require presuit mediation or arbitration.**

The foregoing action by the Defendant is clearly inconsistent with the Defendant's alleged right to arbitration and/or presuit mediation. Accordingly, Defendant has waived any right it may have had to arbitrate or engage in presuit mediation.

## CONCLUSION

For the reasons set forth in the foregoing Brief in Opposition to Defendant's Motion to Stay Proceedings Pending Mediation and Arbitration, the Defendant's Motion to Stay Proceedings Pending Mediation and Arbitration must be denied. The Defendant has failed to serve a Brief or Memorandum of Law as required by Local Rule 3.01, the Defendant has failed to establish that an enforceable agreement to arbitrate or mediate exists with respect to the present controversy, and even if such an agreement had been established, it is clear that Defendant has acted inconsistently with its alleged right to arbitrate [and/or engage in presuit mediation] and has therefore waived it.

Wherefore HEWITT demands that Defendant's Motion to Stay Proceedings Pending Mediation and Arbitration be denied and that HEWITT be granted such other and further relief as may be appropriate and just.

### REQUEST FOR ORAL ARGUMENT

Plaintiff Hewitt Power & Communications, Inc. requests oral argument with respect to Defendant's Motion to Stay Proceedings Pending Mediation and Arbitration and estimates that thirty(30) minutes will be required for said argument.

Maxwell G. Battle, Jr.
Florida Bar No. 306630
CAREY, LEISURE & BATTLE
622 Bypass Drive, Suite 100
Clearwater, FL 33764
(727) 799-3900
(727) 799-8181 (Fax)
E-mail: mgb@centurytel.net
mbattle@tcarey.com

### Certificate of Service

I hereby certify that a true and correct copy of the foregoing has been provided via U.S. Mail to Timothy R. Moorhead, Esq., 145 North Magnolia Ave., P.O. Box 2828, Orlando, FL 32802-2828, and via telefax to Timothy R. Moorhead, Esq. At (407) 425-0260 this 2 Day of July, 2003.

Maxwell G. Battle, Jr.
Florida Bar No. 306630
CAREY, LEISURE & BATTLE
622 Bypass Drive, Suite 100
Clearwater, FL 33764
(727) 799-3900